May Term, 1838.

SCANLAND
v.
RUBLE.

---

SCANLAND *v.* RUBLE, Administratrix.

The general issue and a special plea in bar were filed, in a justice's Court, to a suit by an administratrix, and the cause was then transferred to the Probate Court. *Held*, that the defendant could not afterwards deny the character in which the plaintiff sued.

ERROR to the *Spencer* Probate Court.

Tuesday, May 29.

DEWEY, J.—The plaintiff below as administratrix of *W. Ruble*, sued the defendant, in assumpsit, on an account in favour of her intestate, before a justice of the peace of *Spencer* county. The defendant appeared before the justice and filed his account against the intestate by way of set-off. He also claims the benefit of the general issue under the statute. The

61

plaintiff required the justice to certify the proceedings to the Probate Court, from which she received her character of administratrix. The justice accordingly certified the case to the Probate Court of *Spencer* county. A jury trial was there had. Verdict and judgment for the plaintiff.

In the progress of the trial the defendant offered to prove that, at the time of the commencement of the suit before the justice, the plaintiff had ceased to be the administratrix of *W. Ruble,* in consequence of not having filed a bond under the provisions of a statute of 1834, respecting the destruction of the records of *Spencer* county, and that she did not receive her authority until after the transfer of the cause into the Probate Court. The Court rejected the testimony, and the defendant excepted. This decision is assigned as error.

The plaintiff in error contends, that in Courts of limited jurisdiction, the defendant may show want of jurisdiction under the general issue in any stage of the trial. This doctrine is correct; but to ascertain whether it is applicable to this case, we must look into the proceedings before the justice of the peace, and their effects upon the cause. Justices of the peace have jurisdiction over suits by executors or administrators, as fully as they have over those commenced by any other person,—subject, however, to the right of the plaintiff to transfer the cause to the Probate Court, whenever payment, set-off, or other special matter in bar may be pleaded. Stat. 1832, p. 251 (1). The plea of non assumpsit, which is supposed to have been pleaded before the justice, would certainly have left the defendant at liberty to show that the justice had no jurisdiction over the cause, had the trial taken place before him. But proof that the plaintiff had ceased to be administratrix, or, in other words, that she was not administratrix at the time of the commencement of the suit, would not have affected the jurisdiction of the justice. He had cognisance over the cause of action independently of that matter. It is true, that had *ne unques administratrix* been pleaded and the plea sustained by the evidence, the action must have failed; but such a plea could not have been successfully framed to the jurisdiction of the Court. It must have been in bar of the action, or perhaps to the disability of the plaintiff in abatement. We can see no reason, therefore, for giving to the plea of the general issue in this case a different effect from

that which it would have if pleaded in a Court of general
jurisdiction. The usual consequence of pleading it to ac-
tions by executors or administrators, is to admit the cha-
racter of the plaintiff. Such we think is its effect in this
case. It admits, not the jurisdiction of the Court, but the
fact that the plaintiff is the administratrix of *W. Ruble.* In
this situation, with this implied admission upon the record, the
cause entered the Probate Court. We know no rule of law,
and there is certainly no maxim of justice, which authorises
the defendant to disprove a fact in the Probate Court, which,
before the justice, he had deliberately admitted and was estop-
ped from denying. The general issue must have the same
effect in every stage of the cause.

We are of opinion, therefore, that when a defendant has
pleaded the general issue and special matter in bar to an
action by an executor or administrator, commenced before a
justice of the peace and which has been transferred to the
Probate Court, he is not permitted in that Court to deny the
character in which the plaintiff sues.

We have looked through the evidence which is spread upon
the record, and think the Probate Court committed no error
in refusing the motion for a new trial.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.*
damages and costs. To be certified, &c.

*J. A. Brackenridge,* for the plaintiff.
*S. C. Stevens,* for the defendant.

(1) Accord. Rev. Stat. 1838, pp. 364, 365.